UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY LEE VRADENBURG,<br>TDCJ No. 02492052,<br><br>Petitioner,<br><br>v.<br><br>ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-25-CA-0626-XR |

MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Tracy Lee Vradenburg's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.[1]  In the petition and supplemental memorandum attached thereto, Petitioner challenges the constitutionality of her 2024 state court convictions for possession of a controlled substance with intent to deliver, alleging violations of her Fourth, Fifth, and Sixth Amendment rights.  Also before the Court is Respondent Eric Guerrero's Answer with Brief in Support.[2]

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

---

[1]      ECF No. 1.

[2]      ECF No. 9.

## I. <u>Background</u>

In February 2024, Petitioner plead guilty to two counts of possessing a controlled substance with intent to deliver, both first-degree felonies.[3]  Pursuant to the plea bargain agreements, Petitioner judicially confessed to committing the charged offenses and waived her right to a jury trial in exchange for the State's recommendation that she receive a sentence of twenty-five years of imprisonment.[4]  The State also agreed to waive one of the two sentence enhancements listed on the indictments and drop four additional unadjudicated drug offenses with prejudice.[5]  The trial court accepted Petitioner's pleas and sentenced her to twenty-five years of imprisonment for each offense, to be served concurrently.  *State v. Vradenburg*, Nos. 9191 and 9192 (451st Dist. Ct., Kendall Cnty., Tex. Feb. 15, 2024).[6]

Because she waived the right to appeal as part of the plea bargain agreements, Petitioner did not directly appeal her convictions and sentences.[7]  Instead, she challenged the constitutionality of her convictions by filing two nearly identical applications for state habeas corpus relief on January 2, 2025.  *Ex parte Vradenburg*, Nos. 96,529-01, -02 (Tex. Crim. App.).[8]

In the applications, Petitioner noted that the judgments entered by the trial court show that she pled true to *both* enhancement paragraphs listed in the indictments despite the fact that

---

[3]     ECF No. 7-2 at 100-107; No. 7-5 at 84-91.

[4]     *Id*.

[5]     ECF No. 7-2 at 40, 82-83, 111; No. 7-5 at 66-67, 95.

[6]     ECF No. 7-2 at 41-43 (Judgment in Cause No. 9191); 7-5 at 24-26 (Judgment in Cause No. 9192).

[7]     ECF No. 7-2 at 31-33; No. 7-5 at 20-22; *see also* http://www.research.txcourts.gov, search for "Vradenburg, Tracy" last visited March 9, 2026.

[8]     ECF No. 7-2 at 44-56; No. 7-5 at 27-39.

her negotiated plea agreements only required her to plead true to a single enhancement.[9]  After obtaining an affidavit from Petitioner's trial counsel, the State agreed with Petitioner and recommended that relief be granted in the form of a reformation of the judgment.[10]  The state habeas trial court agreed with this recommendation and entered judgments *nunc pro tunc* reflecting that Petitioner pled to only one enhancement paragraph for each offense.[11]  The court also recommended that relief be denied on the remainder of Petitioner's allegations.[12]  On April 9, 2025, the Texas Court of Criminal Appeals denied both applications without written order based, in part, on the findings of the trial court.[13]

A month later, Petitioner initiated the instant proceedings by filing a petition for federal habeas relief raising the same allegations that she brought before the state court during her state habeas corpus proceedings.[14]

## II.  Petitioner's Allegations

In her petition and supplemental memorandum, Petitioner set forth the following claims for relief:

1.      She was denied her Sixth Amendment right to effective assistance of counsel when her trial counsel:

---

[9]      ECF No. 7-2 at 49-50; No. 7-5 at 32-33.

[10]      ECF No. 7-2 at 82-83; No. 7-5 at 66-67.

[11]      ECF No. 7-2 at 115-20; No. 7-5 at 99-104.

[12]      ECF No. 7-2 at 115; No. 7-5 at 99.

[13]      ECF No. 7-1; No. 7-4.

[14]      ECF No. 1 at 5-10, 16-22.

> (a)    failed to ensure that the judgments reflected that she only pled true to one enhancement, not two,
>
> (b)    provided erroneous advice which persuaded her to plead guilty regarding what charges could be considered at a trial,
>
> (c)    failed to file pretrial motions that could have secured a dismissal, and
>
> (d)    failed to preserve these motions for appeal;

2.    The warrantless entry into her home violated her Fourth Amendment rights and resulted in the illegal seizure of evidence that should have been excluded under the exclusionary rule;

3.    Her Fifth Amendment rights were violated when law enforcement failed to give her *Miranda* warnings after entering her home and discovering drug paraphernalia; and

4.    Her Sixth Amendment rights were violated when law enforcement threatened and coerced her into answering questions that were secretly recorded.

## III.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims

4

already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## IV.  <u>Analysis</u>

Pursuant to the plea bargain agreements, Petitioner judicially confessed to committing the two charged offenses of possessing a controlled substance with intent to deliver, acknowledged that the range of punishment for these first-degree offenses was fifteen to ninety-nine years of

imprisonment when enhanced with one prior felony conviction, and waived her right to a jury trial in exchange for a sentencing recommendation of two concurrent twenty-five-year sentences.[15]

Nevertheless, Petitioner now challenges the constitutionality of her guilty pleas by arguing that the pleas were involuntary and that she was denied her rights under the Fourth, Fifth, and Sixth Amendments.  Because she voluntarily plead guilty to the convictions she is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in her proceedings.  Moreover, these allegations—with the exception of Claim 1(a)— were rejected by the state court during Petitioner's state habeas proceedings.  As discussed below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent.  *Richter*, 562 U.S. at 101.

## A.    Petitioner's Pleas Were Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him."  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted).  And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion.  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to

---

[15]    ECF No. 7-2 at 100-107; No. 7-5 at 84-91.

the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's pleas were a voluntary and intelligent choice and not the result of any misrepresentation.  To start, the voluntariness of Petitioner's pleas is demonstrated by her signature on the documents entitled "Admonishments" and "Statements and Waivers of Defendant."[16]  These documents indicate that the prosecution was only proceeding on two counts of first-degree manufacturing or delivering a controlled substance, which had a maximum punishment range of fifteen to ninety-nine years of imprisonment when enhanced with a prior felony conviction.  Petitioner acknowledged these admonishments and stated that she was mentally competent and understood the nature of the charges against her.  She also stated that she waived her rights to confrontation, cross-examination of witnesses, and a jury trial, that she was aware of the consequences of her pleas, and that her pleas were freely and voluntarily made. In addition, Petitioner waived her right to appeal as part of the plea agreements.[17]

Furthermore, Petitioner signed two documents entitled "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession" wherein Petitioner again waived her rights to confrontation and cross-examination of witnesses and admitted that the allegations contained in the indictments were true and correct.[18]  Petitioner stated that she fully discussed her cases with her attorney and was satisfied with counsel's representation, and acknowledged that she intended to accept the State's offer to plead guilty in exchange for a sentence recommendation of twenty-

---

[16]    ECF No. 7-2 at 104-107; No. 7-5 at 88-91.

[17]    ECF No. 7-2 at 31-33; No. 7-5 at 20-22.

[18]    ECF No. 7-2 at 100-101; No. 7-5 at 84-85.

7

five years for each offense. Counsel signed the waivers, stating that she discussed with Petitioner the rights she was waiving and indicating her belief that Petitioner was competent to stand trial and was "knowingly and voluntarily" waiving her rights. The trial judge then gave her approval of the waivers, concluding:

> This document was executed by the defendant, his attorney and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.[19]

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of her guilty pleas. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

**B.    Claims Waived by the Guilty Pleas**

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of

---

[19]    *Id.*

constitutional dimension that do not affect the voluntariness of the plea, such as claims concerning governmental misconduct, due process violations, and objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 283-86 (5th Cir. 2002) (citations omitted); *Murray v. Collins*, 981 F.2d 1255 (5th Cir. 1992) (*per curiam*) (holding guilty plea waived prosecutorial misconduct and due process claims); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("Franklin's claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration."). The rule also includes ineffective-assistance-of—trial-counsel (IATC) claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (same). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *Glinsey*, 209 F.3d at 392.

Here, Petitioner claims that her convictions were unconstitutional because they were the result of an unreasonable search and seizure by the State (Claim 2), the State's failure to provide *Miranda* warnings prior to interrogating her (Claim 3), and the State's abusive and coercive investigative techniques (Claim 4). She also faults her trial counsel for failing to file certain pretrial motions that could have secured a dismissal (Claim 1(c)) and failing to preserve these motions for appeal (Claim 1(d)). But Petitioner does not provide any relevant argument demonstrating that such claims are jurisdictional, much less establish that the alleged violations somehow relate to the voluntariness of her guilty pleas. Accordingly, Petitioner's allegations

9

(Claims 1(c), 1(d), 2, 3, and 4) are waived by her knowing, voluntary, and intelligent guilty pleas. *Cothran*, 302 F.3d at 283-86 (finding a valid guilty plea waives claims of governmental misconduct, defects in the indictment, and Fourth Amendment search-and-seizure violations); *Smith*, 711 F.2d at 682 (finding IATC claims for failure to find flaws in the prosecution's case or challenge the legality of his arrest were non-jurisdictional and waived by a valid guilty plea).

## C.   The Remaining IATC Claims

Petitioner does make certain allegations concerning her trial counsel's performance that, if successful, may implicate the voluntariness of her guilty pleas. Specifically, Petitioner contends that her trial counsel failed to: (a) ensure that the judgments accurately reflected her guilty pleas, and (b) provide accurate advice regarding what charges could be considered at trial. As discussed below, assuming these claims were not waived by the guilty pleas, federal habeas relief is still unwarranted.

### 1.   The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates both that (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Id*. at 688-89.

10

When determining whether counsel performed deficiently, courts must be highly deferential to counsel's conduct, and counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty "but for counsel's error" and, instead, "would have insisted upon going to trial." *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017) (citing *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994)). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206.

2.      The Judgments (Claim 1(a))

Petitioner's first IATC claim faults counsel for failing to ensure that the resulting judgments reflected the reality that she only pled true to one of the enhancement paragraphs alleged in each indictment, not both. According to Petitioner, she did this so she would not later be considered a "habitual offender" by the parole board. Petitioner therefore appears to argue that her guilty pleas were involuntary because they were induced by counsel's unfulfilled promise that she would not have a habitual offender enhancement.

11

It is true that the original judgments entered by the trial court incorrectly indicated that Petitioner pled true to both enhancement paragraphs, thus technically making her a "habitual offender."[20]   But as discussed previously in Section I, *supra*, the state habeas trial court agreed with Petitioner that the judgments did not accurately reflect the plea agreements and ultimately corrected the judgments to show that Petitioner pled to only one enhancement paragraph for each offense.[21]   Because the error has been corrected, Petitioner cannot demonstrate that trial counsel performed deficiently, much less that the state court's adjudication "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

3.      Counsel's Advice (Claim 1(b))

Petitioner also contends that trial counsel provided her with erroneous advice regarding what charges could be considered at a trial.  According to Petitioner, she was persuaded to plead guilty based on the false premise that challenging the other charges would be irrelevant because she was already under indictment as a habitual offender.  Petitioner raised this allegation during her state habeas corpus proceedings.  In response, her trial counsel, Andrea Matos, submitted an affidavit wherein she addressed Petitioner's allegations:

4.      [Petitioner] asserts that there was ineffective assistance of counsel for her. [Petitioner] was very clearly explained her rights and the evidence was shown to her and she was given the opportunity to take the plea or go to trial. [Petitioner] understood her rights and chose to take the plea knowing the evidence was overwhelmingly against her. [Petitioner] also signed a document with our office clearly stating that she understood all her rights and that she understood her options but willingly wanted to take the plea

---

[20]      ECF No. 7-2 at 41-43 (Judgment in Cause No. 9191); 7-5 at 24-26 (Judgment in Cause No. 9192).

[21]      ECF No. 7-2 at 115-20; No. 7-5 at 99-104.

12

as she believed that was in her best interest. As far as any motions, our office filed what we believe were all appropriate motions in regards to discovery and the case. If we had filed every motion that the defendant wanted we would be filing frivolous motions which we have an ethical duty not to file any frivolous motions. There were no grounds, based on the evidence, to file any of these motions that [Petitioner] is referring to. This was also very clearly explained to [Petitioner] as to why we believed each motion was frivolous and would not be beneficial to her case or had any ground in the law to file said motions.

5.      [Petitioner] was given access and the opportunity to meet with our office on multiple occasions while on bond as well as there were multiple visits to the Jail in order to discuss her case and the plea negotiations as they were continuing. She met with both myself and Mr. [Gary] Barton regarding her case on multiple occasions.[22]

Based on counsel's affidavit, the state habeas trial court rejected Petitioner's allegations and recommended that habeas relief be denied.[23] These findings and conclusions were then adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas applications.[24] Such determinations are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on trial counsel's performance was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. In fact, Petitioner has failed to furnish this Court with any evidence, much less any clear and convincing evidence, undermining the state court's credibility determinations or showing the state habeas court's factual findings on

---

[22]      ECF No. 7-2 at 111-12; No. 7-5 at 95-96.

[23]      ECF No. 7-2 at 115; No. 7-5 at 99.

[24]      ECF No. 7-1; No. 7-4.

13

this subject were incorrect. *See Matamoras v. Stephens*, 783 F.3d 212, 216 (5th Cir. 2015) (recognizing the presumption of correctness afforded a state habeas court's factual findings applies absent clear and convincing evidence to the contrary); *Ward v. Stephens*, 777 F.3d 250, 268 (5th Cir. 2015) (same).  Petitioner's conclusory and unsupported allegation that counsel provided erroneous advice or coerced her into pleading guilty is not enough to establish deficient performance under *Strickland*.  *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).  Therefore, Petitioner fails to establish that her guilty pleas were involuntary due to any alleged deficiencies in counsel's performance.

> 4.    <u>No Prejudice</u>

Regardless, even assuming counsel was deficient, Petitioner still cannot show she would not have accepted the current pleas and would have instead insisted on going to trial but for counsel's alleged errors.  *Armstead*, 37 F.3d at 206.  Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.  The record in this case is silent as to whether Petitioner would actually have made the decision to plead not guilty and go to trial had counsel not provided allegedly erroneous advice on the habitual offender enhancement and what charges could be considered at a jury trial.  But as counsel points out in her affidavit, Petitioner clearly stated that she understood her rights, was shown the evidence against her, and decided that a plea was in her best interest given that the evidence was overwhelmingly against her.[25]  The record of Petitioner's plea agreements discussed previously

---

[25]    ECF No. 7-2 at 111; No. 7-5 at 95.

further establish that she was fully aware of the charges against her and was voluntarily pleading guilty.  Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial and face a possible maximum sentence of life in prison as a habitual offender instead of taking the plea for twenty-five years.

In sum, viewing Petitioner's IATC allegations under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that she is entitled to relief on her claims.  Federal habeas corpus relief is therefore denied.

**D.      The Fourth Amendment Claim (Claim 2)**

Lastly, Petitioner claims that the warrantless entry into her home violated her Fourth Amendment rights and resulted in the illegal seizure of evidence that should have been excluded under the exclusionary rule.  As discussed previously, Petitioner's valid guilty pleas waived any non-jurisdictional defects in her proceedings, including objections to the search and seizure that allegedly violated the Fourth Amendment.  *Cothran*, 302 F.3d at 286.  Nevertheless, out of an abundance of caution the Court notes that such allegations do not raise a cognizable federal constitutional issue because they challenge the trial court's failure to suppress evidence obtained in an allegedly illegal search.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (barring federal habeas relief on Fourth Amendment allegations).

Under *Stone*, if the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief may not be granted to a state prisoner on that claim.  *Id*.  Indeed, if the State provides the necessary processes to raise a Fourth Amendment claim, *Stone* bars federal habeas consideration of that claim whether or not the

15

defendant employs those processes. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Shislnday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. And Petitioner raised her Fourth Amendment allegation during her state habeas corpus proceedings. She makes no argument that her opportunities in the state court to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way, nor has she alleged "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Consequently, this allegation, in addition to being waived by the guilty pleas, is barred from federal habeas review.

## V. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to

show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

After careful consideration, the Court concludes that Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during her state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings. As a result, Petitioner's federal petition does not warrant habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Tracy Lee Vradenburg's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

17

It is so **ORDERED**.

**SIGNED** this March 19, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

18